# 24-810

In The
# United States Court of Appeals
### For the Second Circuit

---

## Valentino S.p.A, an Italian Corporation,

**Plaintiff - Appellee,**

v.

## Mrinalini Inc., a Delaware Corporation,

**Defendant - Appellant.**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CASE NO. 1:23-cv-2319,
Trial Judge – Mary Kay Vyskocil**

---

### BRIEF OF APPELLANT

---

**Andrew M. Grove**
**Jon R. Steiger**
**HOWARD & HOWARD ATTORNEYS PLLC**
**450 West Fourth Street**
**Royal Oak, Michigan 48067-2557**
**(248) 723-1568**
*Counsel for Appellant*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1(a). Mrinalini Inc. states the following:

There are no corporate parents, affiliates and/or subsidiaries of Mrinalini Inc. that are publicly held.

*/s/ Andrew M. Grove*
Counsel for Appellant

## **<u>TABLE OF CONTENTS</u>**

CORPORATE DISCLOSURE STATEMENT ......................................... i

TABLE OF AUTHORITIES .................................................... iv

REQUEST FOR ORAL ARGUMENT ................................... vi

INTRODUCTION ........................................................ 1

JURISDICTIONAL ...................................................... 1

    A.    BASIS FOR THE DISTRICT COURT'S OR AGENCY'S SUBJECT-MATTER JURISDICTION ................................ 1

    B.    BASIS FOR THE COURT OF APPEALS' JURISDICTION ............. 1

    C.    FILING DATES ESTABLISHING THE TIMELINESS OF THE APPEAL ........................................................ 1

    D.    ASSERTION THAT THE APPEAL IS FROM A FINAL ORDER OR JUDGMENT THAT DISPOSES OF ALL PARTIES' CLAIMS ....................................................... 2

STATEMENT OF THE ISSUES FOR REVIEW ..................................... 3

STATEMENT OF THE CASE ................................................ 4

    A.    NATURE OF THE CASE AND RELEVANT PROCEDURAL HISTORY ....................................................... 4

    B.    JUDGE WHO RENDERED THE DECISION BEING APPEALED FROM ................................................ 6

    C.    DISPOSITION ................................................. 6

    D.    DECISION OR SUPPORTING OPINON ........................... 7

SUMMARY OF THE ARGUMENT ....................................... 8

STATEMENT OF THE APPLICABLE STANDARD OF REVIEW ..................... 9

ARGUMENT ............................................................ 9

I.     The Lower Court Erred in Finding That the Parties Reached any
       Agreement to Arbitrate any Relevant Issues ................................9

II.    The Lower Court Erred in Finding That the Parties Agreed to Submit
       Questions of Arbitrability to the Arbitrator................................14

III.   The Lower Court Erred in Confirming and Enforcing the Arbitration
       Award........................................................................................17

IV.    The Lower Court Erred in Failing to Adjourn Valentino's Petition in
       Light of the Pending Appeal in Italy ........................................19

       CONCLUSION .....................................................................................21

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*,
49 F.4th 802 (2nd Cir. 2022) .......................................................... 9, 17, 18

*ERG Linhas Aereas S.A. v. MatlinPatternson Global Opportunities Partners II
L.P.*, 717 F.3d 322 (2nd Cir. 2013) ............................................................9

*First Options of Chi. Inc. v. Kaplan*,
514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995).....................9

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019).......14

*Interdigital Communications, Inc. v. Huawei Investment & Holding Co. Ltd.*,
166 F. Supp. 3d 463 (S.D.N.Y. 2016) .................................................20

*Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 186 F.3d 210 (2d Cir. 1999)...........18

*Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 190-191 (2nd Cir. 2019)............ 14, 15

*Mrinalini, Inc. v. Valentino S.p.A. and Valentino U.S.A.,* 1:22-cv-02453-MKV......4

*Oscar Schlegel Mfg. Co. v. Peter Cooper's Glue Factory*,
231 N.Y. 459; 132 N.E. 148 (1921).......................................................11

*PaineWebber, Inc. v. Bybyk*, 81 F.3d 1193 (2nd Cir. 1996) ....................................15

*Perry St. Software, Inc. v. Jedi Techs., Inc.*,
No. 20-cv-4539, 2020 WL 6064158 (S.D.N.Y. Oct. 14, 2020). ..........................15

*Sarhank Group v. Oracle Corp.,* 404 F.3d 657 (2d Cir.2005) ...............................18

*Smith v. Diem*, 223 A.D. 572; 229 N.Y.S. 56 (1928) .............................................11

*Spier v. Calzaturificio Tecnica S.p.A.*, 663 F. Supp. 871 (S.D.N.Y. 1987).............20

*VRG Linhas Aereas S.A. v. MatlinPatternson Global Opportunities Partners II
L.P.,* 2014 WL 4928929 (S.D.N.Y. 2014)..........................................................19

*VRG Linhas Aereas S.A. v. MatlinPatternson Global Opportunities Partners II
L.P.*, 605 Fed. Appx. 59 (2nd Cir. 2015) ...........................................................19

iv

*VRG Linhas Aereas S.A. v. MatlinPatternson Global Opportunities Partners II L.P.*, 717 F.3d 322 (2nd Cir. 2013) ....................................................9, 18

**STATUTES**

17 U.S.C. § 202 ....................................................................................16

28 U.S.C. § 1291 ....................................................................................1

28 U.S.C. § 1331 ....................................................................................1

9 U.S.C. § 1 ....................................................................................1

**OTHER AUTHORITIES**

New York Convention Article II ....................................................17

New York Convention Article IV(1)(b) ....................................................17

New York Convention Article V(1)(e) ....................................................20

New York Law of Contracts, §316 ....................................................11

## REQUEST FOR ORAL ARGUMENT

The appeal presents important legal issues that the district court incorrectly resolved. Respondent / Appellant Mrinalini Inc. submits that oral argument would help the Court resolve the appeal.

## INTRODUCTION

Appellant Mrinalini Inc. ("Mrinalini") asks the Court to reverse or vacate the lower court decision to enforce an arbitration award from the Milan Chamber of Arbitration in Italy favoring Appellee Valentino, S.p.A. because there was no agreement between the parties relating to arbitration, and so the arbitration award is improper and has no legal effect.

## JURISDICTIONAL STATEMENT

### A.  BASIS FOR THE DISTRICT COURT'S OR AGENCY'S SUBJECT-MATTER JURISDICTION

The appellee, Valentino S.p.A., brought an action in the district court under the Federal Arbitration Act, 9 U.S.C. § 1 and following, so the district court had subject matter jurisdiction under 28 U.S.C. § 1331.

### B.  BASIS FOR THE COURT OF APPEALS' JURISDICTION

This Court has appellate jurisdiction under 28 U.S.C. § 1291.

### C.  FILING DATES ESTABLISHING THE TIMELINESS OF THE APPEAL

Mrinalini Inc. filed its notice of appeal on March 26, 2024 (JSA0008), which was within 30 days of the entry of the district court's final Judgment (JSA607) entered on February 26, 2024. Fed. R. App. P. 4(a)(1).

1

**D.   ASSERTION THAT THE APPEAL IS FROM A FINAL ORDER OR JUDGMENT THAT DISPOSES OF ALL PARTIES' CLAIMS**

Mrinalini's appeal is from the final Judgment of the district court (JSA607) entering and enforcing the arbitration award in favor of appellee Valentino S.p.A.

## <u>STATEMENT OF THE ISSUES FOR REVIEW</u>

1. Whether the parties ever agreed to arbitrate any issues.

   Mrinalini Answers: **No**.

2. Whether there was clear and unmistakable evidence that the parties agreed to submit questions of arbitrability to an arbitrator in Milan, Italy.

   Mrinalini Answers: **No**.

3. Whether the parties ever agreed to arbitrate the issues raised in Mrinalini's complaint.

   Mrinalini Answers: **No**.

4. Whether the trial court erred in granting Valentino S.p.A.'s motion to enforce the arbitration award.

   Mrinalini Answers: **Yes**.

## STATEMENT OF THE CASE

### A. NATURE OF THE CASE AND RELEVANT PROCEDURAL HISTORY

Appellant Mrinalini Inc. ("Mrinalini") is a fashion designer based in New York City. *Mrinalini, Inc. v. Valentino S.p.A. and Valentino U.S.A.,* 1:22-cv-02453-MKV (the "Related '453 case,"), JSA116, ¶ 25. Mrinalini and Valentino worked together for a number of years, mainly with Mrinalini providing its own designs to Valentino. **JSA116, ¶ 30**.

The parties discussed a scenario where Mrinalini would become a supplier to Valentino for Valentino-designed fashion items. Valentino presented Mrinalini with its form General Purchasing Conditions, which Mrinalini signed in hopes of getting business from Valentino. Amended Complaint Ex. A. **JSA156.** But Valentino never gave Mrinalini any purchase orders. In fact, Valentino's General Purchasing Conditions did not obligate Valentino to ever follow through with any purchase orders. **JSA156**, §1.3 ("However, in no case shall VALENTINO be obligated to send a minimum quantity of Orders to the Supplier because of the Supplier's acceptance of these General Conditions.")

In 2019, Mrinalini accused the Valentino defendants of stealing its fashion designs, its trade secrets for making special garments, and its physical swatches. The parties attempted to resolve the dispute through correspondence, but they were not able to reach any agreement. **JSA084, ¶¶ 6-7.**

4

In early 2022, Mrinalini brought intellectual property and other claims against Valentino S.p.A. and Valentino U.S.A. in the U.S. District Court for the Southern District of New York. **JSA113.** That case is pending but currently stayed.

At the same time, and unbeknownst to Mrinalini, Valentino S.p.A. filed an arbitration demand in Milan, Italy, to address what it called its "contractual breaches." Valentino S.p.A. also filed a separate court action in Milan, Italy, seeking a kind of declaratory judgment as to its "non-contractual offenses" including Mrinalini's trade secret misappropriation allegations. Related '453 case ECF No. 34, pages 7-8, citing **JSA020, ¶11 and JSA021, ¶14** and ECF No. 45, Page. 6. The actions in Milan did not include Valentino U.S.A. as a party. Related '453 case ECF No. 34, page 7, citing **JSA016**.

The parties filed cross motions in the Southern District to stay the other's actions. Related '453 case ECF No. 33, ECF No. 46. The court eventually granted Valentino's motion to stay Mrinalini's action in New York, and it denied Mrinalini's motion to stay the Italian activity including the arbitration in Milan. **JSA231.**

After the parties filed their cross-motions, Valentino amended its arbitration demand in Italy to add claims for declaratory judgment that it did not steal Mrinalini's trade secrets, nor infringe its copyrights. **JSA289, ¶¶ 172-183.**

Mrinalini maintained its objections to the Milan arbitration from the beginning because it had never agreed to any such arbitration, nor could it afford to

fully participate in arbitration in Italy when Mrinalini is a small company with few resources, and when it never received any purchase orders from Valentino to make Valentino fashion items. Related '453 case ECF Nos. 24, 33, 34, 45, 50 and **JSA253**.

The arbitrator in Milan ruled mainly in favor of Valentino S.p.A. and against Mrinalini, in large part because Mrinalini did not have the resources to oppose Valentino in Italy. **JSA531. JSA253**. Mrinalini appealed the arbitration decision in Italy on grounds that Mrinalini did not agree to arbitrate, and that appeal is still pending. Related '453 case ECF Nos. 33, Page 19; **JSA531** Valentino then filed the present action in the Southern District of New York as a petition to confirm and enforce the Milan arbitration decision. **JSA244** Mrinalini opposed this with ECF Nos. 19 and 34. But the court granted Valentino S.p.A.'s petition and entered judgment. **JSA592 and JSA607**. Mrinalini then brought this appeal.

## B. JUDGE WHO RENDERED THE DECISION BEING APPEALED FROM

U.S. District Court Judge Mary Kay Vyskocil of the Southern District of New York.

## C. DISPOSITION

The district court granted Valentino S.p.A.'s petition and subsequent motion to confirm and enforce an arbitration award from the Milan Chamber of Arbitration in Italy. **JSA592 and JSA607.**

**D.  DECISION OR SUPPORTING OPINON**

The district court's supporting opinion, filed February 26, 2024. **JSA592.**

## SUMMARY OF THE ARGUMENT

This Court should vacate or reverse the lower court decision to enforce an arbitration award from the Milan Chamber of Arbitration favoring Appellee Valentino, S.p.A. because there was no agreement between the parties relating to arbitration, and so the arbitration award is improper and has no legal effect. The lower court erred in finding that the parties reached any agreement to arbitrate any relevant issues. The lower court also erred in finding that the parties agreed to submit questions of arbitrability to an arbitrator. Subsequently, the lower court erred in confirming and enforcing the arbitration award. At a minimum, the lower court erred in failing to adjourn Valentino's petition in light of the appeal pending in Italy.

**STATEMENT OF THE APPLICABLE STANDARD OF REVIEW**

This Court reviews the district court's legal interpretations of the New York Convention as well as its contract interpretation *de novo*; fact findings are reviewed for clear error. *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 810 (2nd Cir. 2022)(*De novo* review of contract terms). See also *VRG Linhas Aereas S.A. v. MatlinPatternson Global Opportunities Partners II L.P.*, 717 F.3d 322, 325-327 (2nd Cir. 2013)(vacating and remanding to determine if there was an agreement to arbitrate), citing *First Options of Chi. Inc. v. Kaplan*, 514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)(affirming decision that there was no clear agreement to submit arbitrability to an arbitrator).

**ARGUMENT**

**I. The Lower Court Erred in Finding That the Parties Reached any Agreement to Arbitrate any Relevant Issues**

There is no agreement regarding arbitration. This is the fundamental error that undermines the judgment and requires it to be vacated. The lower court relied on a document called "General Purchasing Conditions" for its decision. Related '453 case ECF No. 60, citing Amended Complaint Ex. A. **JSA156**. But the court erred in doing so for several reasons.

First, the very title of the document – GENERAL PURCHASING CONDITIONS - shows that it is a set of general purchasing conditions, not a

complete agreement itself. There are no related documents such as purchase orders ("Orders") of the type referred to in § 1.2.

> 1.2 The General Conditions regulate the commitment made by the Supplier to VALENTINO for the supply of the Materials through the issue of individual purchase orders (the "Orders"). The supply shall therefore be regulated by these General Conditions together with the schedules, the conditions and with the terms specified in the individual Orders, which together shall constitute the entire agreement reached between VALENTINO and the Supplier (hereafter, the "Agreement"). In case of conflict between the General Conditions and the provisions set out in the Order, the General Conditions shall prevail.

**JSA156.** Because there were never any Orders for anything – presumably garments and other fashion items specified by Valentino for manufacture by Mrinalini – there was never any completed "Agreement" or any other agreement. So, while it could be argued that the parties reached some agreements as to terms for purchasing conditions *if* a purchasing scenario ever arose, the parties never actually finalized the contemplated Agreement. The General Purchasing Conditions never became conditions for anything, and it never became a document with legal effect.

Second, according to the language in this set of conditions relied on by the Court – § 22.2 – the parties would have agreed to arbitrate disputes connected to an "Agreement," which is a defined term:

> 22.2 Any dispute that may arise connected to the Agreement as well as associated or connected to its execution, interpretation, enforcement, validity, shall be referred by the more diligent Party to a sole arbitrator appointed by the Milan Chamber of Arbitration, pursuant the Rules of the Milan Chamber of Arbitration.

**JSA162.** But this "Agreement" is not the General Purchasing Conditions alone. It must, by definition, include purchase orders also. This is stated in Section 1.2 of the General Purchasing Conditions, which defines "Agreement" to include not only

the General Conditions, but also individual purchase orders for the supply of Materials.

1.2 The General Conditions regulate the commitment made by the Supplier to VALENTINO for the supply of the Materials through the issue of individual purchase orders (the "Orders"). The supply shall therefore be regulated by these General Conditions together with the schedules, the conditions and with the terms specified in the individual Orders, which together shall constitute the entire agreement reached between VALENTINO and the Supplier (hereafter, the "Agreement"). In case of conflict between the General Conditions and the provisions set out in the Order, the General Conditions shall prevail.

**JSA156.** So without any purchase orders ("Orders") for Materials, there is no "Agreement," and therefore no agreement about arbitration or who gets to decide arbitrability of a given issue. In other words, a court cannot know the subject matter of the Agreement, which was never consummated, and certainly not what is "associated" or "connected to" it. A court could only speculate about what agreements the parties agreed to arbitrate; only if actual purchase orders had issued would there have been specific subject matter covered by an agreement to arbitrate.

Further, there is no enforceable agreement because there was no consideration or mutuality. According to New York law, there must be some consideration or mutuality of obligation. *Smith v. Diem*, 223 A.D. 572, 575-576; 229 N.Y.S. 56 (1928), citing New York Law of Contracts, §316 and *Oscar Schlegel Mfg. Co. v. Peter Cooper's Glue Factory*, 231 N.Y. 459, 461-462; 132 N.E. 148 (1921): "A promise by one party to perform an act or series of acts in consideration solely of the performance of another act or series of acts by the other party, the latter being left entirely free to perform or not on his part is unenforceable for want of a sufficient consideration.'

11

Here, Valentino was never obligated to provide any purchase orders, and in fact it never did. See, e.g. § 1.3, last sentence, which says that Valentino was not obligated to provide any "Orders" just because Mrinalini agreed to terms and conditions for purchase orders if they ever came ("…in no case shall VALENTINO be obligated …"):

1.3 Each Order shall be deemed to be accepted by the Supplier and shall therefore be binding upon receipt, by VALENTINO, of a copy of the order confirmation duly signed by the Supplier, indicating acceptance. In the absence of such receipt, the delivery of the Materials by the Supplier shall be construed as acceptance of the General Conditions and of the terms and conditions specified in the Order. However, in no case shall VALENTINO be obligated to send a minimum quantity of Orders to the Supplier because of the Supplier's acceptance of these General Conditions.

**JSA156**. So there was no contract formed because there were never any purchase orders; and Valentino cannot enforce an arbitration provision in the purchasing conditions when it was never bound to use them for anything. This is especially true when the arbitration provision to arbitrate in Milan, Italy is so one-sided in favor of Valentino.

The lower court also erred in determining that "Agreement" meant only the General Purchasing Conditions, standing alone, with nothing more. Clearly, the General Purchasing Conditions is ***not*** a standalone "Purchasing Agreement," as the court concluded. The lower court made this error starting on page 2 of its Opinion and Order Granting Motion to Compel Arbitration and Staying Action, and the court carried this error forward throughout the litigation. **JSA232**. According to §1.2, the General Purchasing Conditions is a set of terms meant to supplement an actual purchase order. In any event, it is not a complete agreement by itself and has no

12

operative effect – or context – without a purchase order. Mrinalini reported this repeatedly in both cases. Related '453 case ECF No. 33, Sections II. A and IV. A; ECF No. 19, Sections III and IV; ECF Nos. 65, 62, 50 (Section 10. A, citing ECF Nos. 33, 34); ECF No. 45 Section III and IV. And Mrinalini was planning to explain this, if needed, in the oral argument that both parties requested. Related '453 case ECF Nos. 35, 49. In other words, the court erred in finding that this fragment of an agreement that was never finalized could amount to an agreement itself. Relatedly, the lower court also erred in finding that the General Purchasing Conditions was what the court called a "Purchasing Agreement." **JSA232 and JSA233.** As reported above, the General Purchasing Conditions is not an agreement.

Valentino never provided any Orders that would establish any such Agreement. In fact, Mrinalini challenged Valentino to provide purchase orders both in this case and during the arbitration, but it never did – because there are no relevant purchase orders. See, e.g. Related '453 case ECF No. 50, Page 25 of 29 ("It is decisive that Valentino presents no such purchase orders …"); see also **JSA118**

The lower court further erred in finding that Mrinalini alleges a breach of this General Purchasing Conditions document. **JSA233**. To be clear, Mrinalini has not accused any Valentino entity of breaching the General Purchasing Conditions, which, again, is not a complete agreement in itself. See Mrinalini's Amended

Complaint, which affirmatively says that Mrinalini is not alleging any breach of these General Purchasing Conditions. **JSA118**.

Accordingly, the lower court decision should be vacated because its finding that there is an applicable and binding arbitration agreement cannot withstand *de novo* review. There is no agreement to arbitrate.

## II. The Lower Court Erred in Finding That the Parties Agreed to Submit Questions of Arbitrability to the Arbitrator

The lower court held that the parties "clearly and unmistakably" assigned to the arbitrator the question of whether Mrinalini's claims set out an arbitrable dispute. **JSA237**. This, too, was error.

Under Supreme Court and Second Circuit law, courts must retain authority over the question of arbitrability unless the parties clearly and unmistakably provided that the question should go to an arbitrator. *Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 190-191 (2nd Cir. 2019), citing *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019).

The lower court erred here as a matter of contract interpretation for two reasons. First, there was no agreement regarding arbitration *at all*, as reported above, and certainly no agreement Valentino could enforce because there was no consideration or mutuality. The lower court pointed to language in the purchasing conditions stating that the parties agreed to submit to an arbitrator questions of "execution, interpretation, enforcement or validity." *Id*. But again, there was no "Agreement"

14

or any other agreement for the reasons explained above (no consideration, no mutuality, no meeting of the minds). Mrinalini might have agreed to such arbitration if Valentino had ever completed the Agreement by providing valuable purchase orders. But this never happened. So the lower court erred by forcing Mrinalini to submit to arbitration in Milan on the basis of nothing. The lower court had no basis to order arbitration of anything, including arbitrability.

In any event, there is no clear and unmistakable evidence that Mrinalini gave up its valuable rights to enforce its intellectual property claims in its own country – rights enforced by the Second Circuit. *Metro. Life Ins. Co. v. Bucsek*, 919 F.3d at 191. The lower court relied on a decision in *Perry St. Software, Inc. v. Jedi Techs., Inc.*, No. 20-cv-4539, 2020 WL 6064158, at *8 (S.D.N.Y. Oct. 14, 2020). But there, the district court *declined* to order arbitration because it was not convinced there was an agreement. The lower court also relied on *PaineWebber, Inc. v. Bybyk*, 81 F.3d 1193, 1200 (2nd Cir. 1996). But that case is distinguishable because there was clearly an enforceable contract between the parties relating to arbitration, unlike here. In fact, in *PaineWebber*, clients of PaineWebber forced PaineWebber into arbitration using PaineWebber's own form arbitration agreement to bring claims that PaineWebber mishandled the client's investments. There is nothing like such a scenario in the present case because Valentino never started a supplier relationship with Mrinalini with any purchase orders.

Second, it is not only _**not**_ "clear and unmistakable" that Mrinalini agreed to submit its intellectual property claims for arbitrability; it is *highly implausible*. The obvious scenario that Mrinalini *would have* agreed to arbitrate is one where Valentino – the putative world-famous fashion house – issues a purchase order to buy fashion items that Valentino designed, and Mrinalini acted merely as a contract supplier to make them. But such a scenario never materialized. And there is no language in the General Purchasing Conditions even suggesting a different scenario where Valentino is purchasing or otherwise obtaining rights in Mrinalini's trade secret techniques or its copyrights. For one thing, neither of these are "Materials" that Mrinalini would supply to Valentino within the meaning of the General Purchasing Conditions. **JSA156, §§ 1, 1.2.** Trade secret techniques are not Materials. Similarly, copyrights are abstract rights that exist apart from any material manifestation, and so they are not "Materials," either. 17 U.S.C. § 202 (Absent agreement, transfer of a material object does not transfer any copyrights in the object). And of course, there are no purchase orders or other agreements wherein Mrinalini assigned these intangible – non-material – rights. **JSA118**. Accordingly, there is no clear and unmistakeable agreement to submit anything to arbitration, including questions of arbitrability. And, as explained above, it is not even appropriate to *speculate* that Mrinalini would have agreed to arbitrate its claims.

16

Accordingly, the lower court decision should be vacated because its finding that there is "clear and unmistakable" evidence to submit disputes about arbitrability to an arbitrator cannot withstand *de novo* review.

Mrinalini moved the lower court to order Valentino to stay the arbitration in Italy, but the lower court denied this motion. Mrinalini opposed Valentino's motion to stay Mrinalini's New York case, but the lower court granted Valentino's motion. Mrinalini sought reconsideration of these decisions with ECF Nos. 62 and 65 in the Related '453 case, but the lower court denied this motion. **JSA241**. Nevertheless, the lower court could have revisited the arbitration decision again when Valentino petitioned to have it enforced in the present case.

## III. The Lower Court Erred in Confirming and Enforcing the Arbitration Award

This Court reviews the district court's legal interpretations of the New York Convention as well as its contract interpretation *de novo*; fact findings are reviewed for clear error. *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 810 (2nd Cir. 2022).

The New York Convention requires a party like Valentino to produce an "original agreement" "in writing" "under which the parties undertake to submit to arbitration." See Article IV(1)(b), referring to Article II; *Prof'l Sport Serv. Fi Oy v. Puck Agency LLC*, No. 19-CV-5904 (CS) 2019 WL 5884558, at * 3 (S.D.N.Y. Nov. 8, 2019); *Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 186 F.3d 210, 217, 218 (2d

Cir. 1999)(The Convention requires an agreement in writing signed by both parties), *partially abrogated on other grounds by Sarhank Group v. Oracle Corp.,* 404 F.3d 657 (2d Cir.2005). Valentino has not done this. Valentino has only referenced "General Purchasing Conditions," which, by their very terms are *not* an agreement, and not an agreement to arbitrate anything specific. Valentino did not even include any purchase orders, which might help the Court understand whether there was any Agreement, the subject matter of any Agreement, and what exactly Mrinalini agreed to arbitrate. *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 810 (2nd Cir. 2022)(*De novo* review of contract terms). Moreover, there is no record that Valentino ever signed the General Purchasing Conditions. **JSA274, ¶ 93.** Accordingly, Valentino has not complied with the most fundamental requirement of the Convention, and so the lower court's decision should be reversed.

On remand in the *VRG* case from this Circuit[1], the district court again found no agreement to submit arbitrability to an arbitrator where, like here, there were multiple documents comprising the agreement, and the party resisting arbitration did not sign them all; so there was no clear agreement on arbitration. The district court thus refused to enforce the arbitration award against the party resisting arbitration because that party – like Mrinalini here – had not clearly and unmistakably agreed

---

[1] On remand from *VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.,* 717 F.3d 322 (2nd Cir. 2013).

to submit arbitrability to the arbitrator. *VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.,* 2014 WL 4928929 (S.D.N.Y. 2014). The Second Circuit affirmed. *VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.*, 605 Fed. Appx. 59 (2nd Cir. 2015). This litigation history in the *VRG* case shows the attention that courts pay to this issue because of the high stakes – potential loss of Seventh Amendment right to a jury trial, rights to litigate on one's own continent, and rights to litigate with discovery.

Further, as reported above, there was no agreement here because there is nothing but the purchasing conditions. There was no mutuality. There was no consideration. There was no meeting of the minds, and no enforceable contract.

Here, though, the lower court confirmed and enforced the arbitration award over Mrinalini's repeated objections. **JSA592**. This, too, was error. When Valentino petitioned to enforce the Italian arbitration award, the lower court had yet another opportunity to find that there was no written agreement on arbitration or arbitrability, and the lower court could have refused to enforce Valentino S.p.A.'s petition on that basis alone. But the lower court did not do this, and this was error.

## IV. The Lower Court Erred in Failing to Adjourn Valentino's Petition in Light of the Pending Appeal in Italy

The lower court also erred by failing to adjourn the petition pending the appeal of the arbitration award in Italy. **JSA592**. Mrinalini reported many reasons to adjourn in ECF No. 33, Sections IV. D. and E. Such reasons included the fact that

19

Mrinalini has a pending appeal of the arbitration decision in Italy. That appeal, if successful, could nullify the arbitration award. Mrinalini cited various Second Circuit cases showing that the court had discretion to adjourn Valentino's petition under such circumstances. *Europcar Italia S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d at 317-318. (Vacating district court decision to enforce Italian arbitration despite pending appeal of arbitration in Italy; *Interdigital Communications, Inc. v. Huawei Investment & Holding Co. Ltd.*, 166 F. Supp. 3d 463, 471, 473 (S.D.N.Y. 2016)(Court stays motion to confirm award pending resolution of appeal of arbitration award in France); *Spier v. Calzaturificio Tecnica S.p.A.*, 663 F. Supp. 871, 875-876 (S.D.N.Y. 1987)(adjourning petition to enforce arbitration until arbitration appeal in Italy is resolved). See also New York Convention, Article V. 1. (e). The lower court did not adjourn the decision on the petition pending the decision of the appeals court in Italy, and this also was error.

## **<u>CONCLUSION</u>**

Because the lower court erred in confirming and enforcing an arbitration award, the lower court judgment should be vacated or reversed.

Respectfully submitted,
HOWARD & HOWARD ATTORNEYS PLLC


Dated: June 21, 2024   By: */s/Andrew M. Grove*
          Andrew M. Grove
          Jon R. Steiger
          450 West Fourth Street
          Royal Oak, Michigan 48067-2557
          Telephone: (248) 723-0343
          Facsimile: (248) 64-1568
          jgrove@howardandhoward.com
          jsteiger@howardandhoward.com
          ***Attorneys for Respondent/Appellant Mrinalini Inc.***

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of Local Rule 32.1(a)(4)(A) because excluding the portions exempted by Fed. R. App. P. 32(f), this brief contains 3,787 words. This brief also complies with the typeface requirements of Fed. R. App. P. 32 (a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Time New Roman font.

Dated: June 21, 2024          */s/ Andrew M. Grove*
                             Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

Respectfully submitted,
HOWARD & HOWARD ATTORNEYS PLLC

Dated: June 21, 2024

By: */s/Andrew M. Grove*
Andrew M. Grove
Jon R. Steiger
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Telephone: (248) 723-0343
Facsimile: (248) 64-1568
jgrove@howardandhoward.com
jsteiger@howardandhoward.com
*Attorneys for Respondent/Appellant Mrinalini Inc.*

23